NO. 07-00-0539-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 10, 2001

______________________________

RUDY BANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-429480; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Rudy Banda has given notice of appeal from a conviction and sentence in Cause No. 99-429,480 in the 364
th
 District Court of Lubbock County, Texas (the trial court).  The appellate court clerk received and filed the trial court clerk’s record on February 20, 2001, and received and filed the trial court reporter’s record on February 20, 2001.  The clerk’s record contains an Order Appointing Counsel and Ordering Record on Appeal which was signed by the trial court judge on November 3, 2000.  The order appoints attorney David Martinez to represent appellant on appeal.  The clerk’s record also reflects that (1) on November 27, 2000, attorney Martinez filed a Motion for New Trial, and (2) on November 27, 2000, attorney David M. Guinn, Jr., purporting to represent appellant, also filed a Motion for New Trial.  No appellant’s brief has been filed by either attorney.

       
 On March 23, 2001, attorney Guinn filed with the clerk of the appellate court a pleading entitled Notice of Substitution of Counsel and Motion to Extend Time to File Appellant’s Brief.  The clerk’s record does not contain an order relieving attorney Martinez of his appointment to represent appellant on appeal.  By letter dated March 27, 2001, the appellate clerk advised attorneys Martinez and Guinn that the appeal had been abated until April 27, 2001, and that a joint motion to substitute counsel, or a motion to substitute counsel which reflected approval by both counsel, should be filed on or before April 20, 2001.  No motion has been filed and the clerk has not received any response from either attorney Martinez or attorney Guinn to the correspondence of March 28
th
.  No brief has been filed on behalf of appellant. 

Accordingly, the appeal is abated once again.  The cause is remanded to the trial court.  
See
 
Tex. R. App. P. 
 6, 2, 38.8(b)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether attorney Martinez or attorney Guinn, or both, or neither, are to be counsel for appellant on appeal, and if both, then who is lead counsel; (3) whether either or both counsel for appellant have abandoned the appeal; (4) if appellant desires to prosecute this appeal, whether either or both attorneys Martinez and Guinn should be replaced; and  (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.  If the trial court determines that either or both attorneys claiming to represent appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.  

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter’s record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the records of the proceedings to be sent to this court.  
In the absence of a request for extension of time from the trial court, the supplemental clerk’s record, supplemental reporter’s record, and any additional proceeding records, including any orders, findings conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than June 15, 2001. 

Per Curiam

Do not publish.